# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JASON P. COLEHOUR, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 04-0924-CV-W-GAF-P |
| ) | Crim. No. 03-00073-01-CR-W-GAF |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant, a federal prisoner confined at the Federal Medical Center in Lexington, Kentucky, has filed pro se a motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 in the above-captioned federal criminal case. Movant has asked that he be allowed to proceed in forma pauperis without any prepayment of court fees or costs as allowed by federal law under 28 U.S.C. § 1915. Having reviewed movant's account information, the Court will grant him leave to proceed in forma pauperis for purposes of this case only.

On January 22, 2004, movant was convicted, pursuant to a guilty plea, of distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); knowingly possessing a machine gun in violation of 18 U.S.C. § 922(o)(1) & 924(a)(2); and criminal forfeiture in violation of 21 U.S.C. § 853. Movant was sentenced to 63 months in prison. Movant now seeks post-conviction relief on five grounds: (1) the district court violated his Sixth Amendment rights when it enhanced his criminal sentence based on facts to which he had not admitted and

which had not been proven to a jury beyond a reasonable doubt as required by the recent Supreme Court case of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004);[1] (2) defense counsel was ineffective in failing to properly investigate plaintiff's case and in rushing into a plea negotiation; (3) defense counsel was ineffective in failing to subpoena a witness who could have aided movant's defense; (4) defense counsel improperly advised and induced movant to accept the proffered plea agreement; (5) defense counsel was ineffective in failing to request an evidentiary hearing. Movant did not file a direct appeal challenging the outcome of his sentencing.

### *Blakely* Claim

Movant claims in his first ground for relief that his sentence was enhanced in violation of the Supreme Court's holdings in Blakely and Booker in that the District Court judge calculated movant's sentence based on 367.44 kilograms of marijuana and gave movant a two-point enhancement for possession of a firearm. Movant argues that neither the amount of marijuana nor the fact of firearm possession were admitted by him or proven to a jury beyond a reasonable doubt.

The Eighth Circuit recently held in United States v. Lea, 400 F.3d 1115 (8th Cir. 2005), that even though the defendant in his plea agreement, "stipulated to specific offense conduct and acknowledged that these admissions would be used to calculate his sentence under the Sentencing Guidelines," he still could challenge his sentence under Booker. The court stated:

> Booker specifically rejected the invitation to leave the Guidelines as binding in cases that do not involve judicial factfinding. . . . Because Lea

---

[1]In United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the United States Supreme Court ruled that its holding in Blakely applies to the Federal Sentencing Guidelines. The Court held that the Guidelines no longer are mandatory, but that "[t]he district courts . . . must consult [the] Guidelines and take them into account when sentencing." Id. at 767.

2

> properly preserved his challenge to the constitutionality of the Guidelines,
> we conclude he is entitled to be sentenced under an advisory, rather than
> mandatory, Guidelines scheme.

Lea, 400 F.3d at 1116. Lea can be distinguished from movant's case, however, on two bases: (1) movant, unlike the defendant in Lea, did not properly preserve the constitutionality of the Sentencing Guidelines as an issue on appeal; and (2) movant brought his claim on collateral review, rather than on direct appeal.

Movant has failed to state a claim for relief in that Booker is not retroactively applicable to cases on collateral review. See Booker, 543 U.S. ___, 125 S. Ct. at 769 (expressly stating "we must apply today's holdings . . . to all cases on direct review"); Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); Varela v. United States, ___ F.3d ___, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005) ("we conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"). Movant's claim that his sentence was enhanced in violation of the United States Supreme Court's holding in Booker will be denied.

### Ineffective Assistance of Counsel Claims

In order to succeed on an ineffective assistance of counsel claim, movant must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) counsel's deficient performance prejudiced movant's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., id. at 687-90. "There exists a strong presumption that counsel's conduct falls within the wide range of professionally

3

reasonable assistance." Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997). In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### Ground 2

Movant maintains in his second ground for relief that his defense counsel was ineffective in failing to "either send a[n] investigator or personally contact Ian Wilson and take a sworn statement from him." Wilson, according to Movant, had spoken with Jerry Swoffer, "that person who[se] house was raided and several kilograms of marijuana was found." Movant claims that he was charged with possessing the marijuana that was seized from Swoffer's house. Swoffer, according to movant, admitted to Wilson that he told the police that the marijuana seized from his (Swoffer's) house belonged to movant, but that the marijuana actually was his. Rather than investigate this potentially exculpatory evidence, defense counsel, according to movant, "rushed into a plea bargain with the Federal Government and persuaded [movant] to plead guilty."

Movant's Presentence Investigation Report stated that he was responsible for 367.44 kilograms of marijuana. See Presentence Investigation Report ¶ 21 The Jackson County Drug Task Force searched movant's—not Swoffer's—residence and confiscated 2,128.3 grams of marijuana. Id. ¶ 13. Even if movant claims that the marijuana seized from his residence belonged to Swoffer, however, the amount seized would not impact the base offense level he was assigned.[2] Movant has failed to demonstrate

---

[2]Movant was assigned a base offense level of 26, which applies to "[a]t least 100 KG but less than 400 KG of Marihuana." U.S. Sentencing Guidelines Manual § 2D1.l(c) (2004)

4

that, had his counsel investigated Swoffer's statements further, the result of the proceeding would have been different. Consequently, movant's second claim for relief will be denied. See Strickland, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.")

**Ground 3**

Movant claims in his third ground for relief that his counsel was ineffective in failing "to subpoena Jerry Swoffer who police raided his residence and found several kilograms of marijuana which police later charged [movant] with that marijuana." For the reasons discussed supra with regard to Ground 2, movant's third claim for relief will be denied.

**Ground 4**

Movant alleges in his fourth ground for relief that counsel erroneously advised him that the government could prosecute him for conspiracy and told him that, if he entered a guilty plea to the remaining charges, the government would drop the conspiracy charge. Movant claims that he could not have been prosecuted for conspiracy in that no co-conspirators were involved.

Movant's claim is without merit. "To prove a conspiracy under 21 U.S.C. § 846, the government must establish that an agreement to engage in distributing drugs existed between two or more people, including the defendant." United States v. Rogers, 18 F.3d 1425, 1428-29 (8th Cir. 1994). Movant admitted during a post-arrest interview to purchasing 10 to 15 pounds of marijuana, two to three times a week, and stated that, between August 2001 and his arrest on March 20, 2003, he had purchased approximately 800 pounds of marijuana. See Presentence Investigation Report, ¶ 16. Furthermore, movant stated that, just prior to his arrest, he had agreed with his "source" to purchase 20 pounds of

5

marijuana for $11,000.  Id. ¶ 17.  Movant's statements provide ample support for a conspiracy charge under 21 U.S.C. § 846.

To be valid, a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant."  North Carolina v. Alford, 400 U.S. 25, 31 (1970).  "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  Because movant's counsel correctly advised him that he could be prosecuted for conspiracy, movant has failed to show that his counsel's representation "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Movant's fourth ground for relief will be denied.

**Ground 5**

Movant claims in his fifth ground for relief that counsel was ineffective in failing to file a motion for an evidentiary hearing after counsel's objection to the court's determination concerning marijuana weight and equivalence was overruled.  Movant claims that, because of counsel's inaction, the amount of marijuana with which he was charged was increased from 60 kilograms to 367.44 kilograms.

Movant has failed to satisfy the second prong of the Strickland test, in that, even if counsel had filed a motion for an evidentiary hearing, there is not "a reasonable probability that . . . the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Movant admitted to purchasing 800 pounds—362.88 kilograms—of marijuana over an approximately 17-month period and sold 1.59 kilograms of marijuana and 3.41 grams of cocaine (the equivalent of .682 kilograms of marijuana) to an

6

undercover detective. See Presentence Investigation Report ¶¶ 7, 8, 9, 11, 16. In addition, police seized 2.13 kilograms of marijuana and .81 grams of cocaine—the equivalent of .162 kilograms of marijuana—from movant's residence. See id. ¶ 13. There is no evidence that movant's post-arrest statement was induced or false. Consequently, even if counsel had requested an evidentiary hearing as to the Presentence Investigation Report calculation of 367.44 kilograms of marijuana, the court likely would not have granted one. Movant's fifth ground for relief will be denied.

Accordingly, it is **ORDERED** that movant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is denied.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated: May 10, 2005